1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

12    FRAIHAT FAOUR ABDALLAH,                    CASE NO. 06cv1541 DMS (NLS)

13                              Plaintiff,       **ORDER (1) GRANTING MOTION
                                                 TO APPOINT COUNSEL, AND (2)**
         vs.
14                                               **GRANTING MOTION TO RESET
                                                 BRIEFING SCHEDULE FOR**
15    MICHAEL CHERTOFF, et al.,                  **MOTION TO RECONSIDER**

16                              Defendant.       [Doc. No. 40]

17

18         Pending before the Court is Petitioner Faour Abdallah Fraihat's motion for appointment of

19    counsel and request to reset briefing schedule regarding his currently pending motion to reconsider.

20    For the reasons set forth below, the motions are granted.

21         Because the facts of the case are well known to the parties, the Court sets forth only those facts

22    that are relevant to the pending motions.  On October 15, this Court granted a conditional writ and

23    ordered that Petitioner be provided a bond hearing before an Immigration Judge ("IJ"), pursuant to

24    *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 (9th Cir. 2008), and *Casas-Castrillon v. D.H.S.*, 535

25    F.3d 942 (9th Cir. 2008).  (Doc. 35.)  Pursuant to that order, the IJ held a bond hearing and thereafter

26    denied Petitioner's request for bond on October 28, 2008.  On November 12, 2008, Petitioner filed a

27    motion for reconsideration with this Court, asking that he be released under supervision or on a

28    reasonable bond.  (Doc. 38.)

1       Petitioner seeks appointment of Federal Defenders of San Diego, Inc. ("Federal Defenders").

2    (Doc. 42., at 2.)  Although filed as *pro se* pleadings, the pleading and documents presently before the

3    Court were prepared by Federal Defenders. (*Id.*)  Respondent opposes Petitioner's request. (Doc. 43).

4       While there is no constitutional right to appointment of counsel in habeas proceedings; counsel

5    may be appointed where "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In

6    determining whether counsel ought to be appointed, the court evaluates the likelihood of success on

7    the merits and the ability of the petitioner to articulate his claims in light of the complexity of the legal

8    issues involved.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner argues that his

9    bond hearing fell below the minimum procedural protections guaranteed by the Fifth Amendment's

10    Due Process clause. (Doc. 42, at 6.)  According to Petitioner, the hearing was deficient because the

11    IJ found him to be a danger to the community even though the government failed to introduce any

12    evidence at the hearing, and thus failed to carry its burden of proof.  *See Casas-Castrillon*, 535 F.3d

13    at 951 (citing *Tijani v. Willis,* 430 F.3d 1241 (9th Cir. 2005)).  Petitioner also argues that procedural

14    requirements, which presently are not afforded, should be employed in bond hearings such as his.

15    Given the complexity of legal issues involved and the arguments raised by Petitioner regarding the

16    alleged deficiencies in the bond hearing he received, as well as the alleged constitutional insufficiency

17    of the process itself, the interests of justice are served through appointment of counsel.  Petitioner's

18    motion is therefore granted.

19       Respondent argues that the adequacy of Petitioner's bond hearing is a post-judgment event that

20    gives rise to a new claim, and does not justify reopening the Court's decision under Federal Rules of

21    Civil Procedure 59(e) or 60(b). (Doc. 42-2 at 1.)  Respondent also argues that Petitioner's request

22    should be denied because Petitioner has not exhausted his administrative remedies.  (*Id.* at 2.)

23    Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), and that appeal is

24    pending.  (*Id.*)  The BIA, according to Respondent, should be allowed to determine the proper

25    application of *Casas-Castrillon* and *Prieto-Romero* to bond hearing procedures and cure any due

26    process violations committed by the IJ.

27       Petitioner argues that his "motion for reconsideration" does not invite the Court "to reconsider

28    some decision it has already made" but rather asks the Court "to consider, for the first time, the

1  sufficiency of his bond hearing." (Reply at 2-3.)  The Court therefore interprets Petitioner's motion

2  as motion for enforcement of the Court's prior order.  *See Mau v. Chertoff*, 562 F.Supp.2d 1107,1115

3  (S.D.Cal. 2008) (treating petitioner's "motion to amend" regarding alleged deficient bond hearing by

4  IF as motion to enforce court's prior conditional writ).  This approach is consistent with Ninth Circuit

5  law: "A conditional order's framework contemplates that a district court will eventually make an

6  assessment concerning compliance with its mandate." *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir.

7  2008) (quoting *Phifer v. Warden*, 53 F.3d 859, 865 (7th Cir.1995)).

8       With respect to Respondent's argument that Petitioner must first exhaust his administrative

9  remedies, the Court respectfully disagrees.  "[Petitioner's] request for relief relates directly to this

10  Court's prior order and, as such, there are no administrative remedies to exhaust.  It should not fall to

11  the BIA to review Respondents' compliance with this Court's judgment." *Mau,* 562 F.Supp.2d at

12  1114.

13       For these reasons, Petitioner's motion for appointment of counsel is granted.  Because the

14  office of Federal Defenders is familiar with Petitioner and the legal issues surrounding his detention,

15  the Court grants the request to assign this habeas petition to Federal Defenders.  Petitioner's motion

16  to reset briefing schedule is also granted.  Petitioner shall file an amended motion by ***January 16,***

17  ***2009.***  Respondent shall file a response on or before ***February 6, 2009.***  Any reply shall be filed on

18  or before ***February 13, 2009.***  Unless this Court orders otherwise, the motion will be taken under

19  submission and decided without oral argument.

20  **IT IS SO ORDERED.**

21  DATED:  December 29, 2008

22  _____

23  HON. DANA M. SABRAW
    United States District Judge

24

25

26

27

28